IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

RICHARD L. BURDEN,

    Plaintiff,

v.

CSX TRANSPORTATION, INC.,
a corporation,

    Defendant.                              Case No. 08-cv-04-DRH

## ORDER

**HERNDON, Chief Judge:**

        Before the Court is Defendant's Motion to Continue Trial or in the Alternative Strike Witnesses (Doc. 44), to which Plaintiff has responded (Doc. 46) and Defendant has replied (Doc. 47). This matter is currently set to commence trial on June 7, 2010. However, Defendant initially sought a continuance on the grounds that Plaintiff had yet to disclose the Life Care Plan prepared by his retained life care expert, Jan Klosterman. Defendant argued that once it did receive her Plan, it would need time to evaluate her opinions and decide whether to depose her and retain its own rebuttal expert witness. Defendant also noted that it may need to depose one of Plaintiff's medical providers who treated Plaintiff for a head injury less than one year prior to his injury at issue in this matter. Defendant states that this information

was only recently revealed from its review of Plaintiff's new medical records "inadvertently not disclosed [by Plaintiff] through earlier discovery" (Doc. 44, ¶ 5). Lastly, Defendant asserts that Plaintiff has recently disclosed three new witnesses, all of whom Defendant believes it must now contact and depose.

Since the Motion was filed, Plaintiff has since received Klosterman's Life Care Plan for Plaintiff, on May 19, 2010, and forwarded a copy by e-mail to Defendant.[1] Plaintiff, opposing both Defendant's request for a continuance and to strike Plaintiff's witnesses, argues that because Klosterman was disclosed as an expert witness as early as January 20, 2010, Defendant had ample opportunity to depose her and/or determine whether it needed to retain its own rebuttal expert witness. Plaintiff further adds that defense counsel has been made aware that Klosterman is available to be deposed now on any date, at any time. Plaintiff does not appear to directly address Defendant's assertion of its need to depose Plaintiff's medical provider regarding his prior head injury. Plaintiff does, however, address the issue of the three witnesses Defendant has labeled as "new," stating that two of these witnesses were, at the latest, disclosed in the Final Pretrial Order (Doc. 43), entered on November 24, 2009.[2] The third of these three witnesses, Plaintiff admits, was not identified prior to the May 17, 2010 disclosure.

---

[1] Plaintiff states that the Parties in this matter have stipulated to operate outside of the formal Rule 26 scheduling order deadlines "in order to accommodate the complexities of this case and to accommodate the trial schedules of the respective attorneys" (Doc. 46, ¶¶ 1-2).

[2] In a Supplement (Doc. 48), Defendant acknowledges that these two witnesses were disclosed in the Final Pretrial Order, but states that the subject of their anticipated testimony was not disclosed until recently.

In its Reply, Defendant explains that although it is now in receipt of Klosterman's Life Care Plan for Plaintiff, because she opines that Plaintiff will need up to $6.1 million dollars, rather than the $1 million dollar amount previously represented by Plaintiff, Defendant will need depose her, retain its own rebuttal expert who will then need time to analyze Klosterman's lengthy Life Care Plan, prepare his or her own report and appear for deposition. Additionally, Defendant claims that it was impossible for it to know it would need to retain a rebuttal expert prior to now because Plaintiff failed to disclose any of Klosterman's opinions until May 19, 2010. Therefore, Defendant maintains its original request that the Court strike Plaintiff's witnesses (Klosterman, Calvert, Crowe and Humphrey) or in the alternative, continue the trial date.

Considering the Parties' arguments and the evidence before it, the Court declines to strike any of Plaintiff's witnesses due to the fact that the Parties acknowledge they were operating under some type of informal "gentleman's agreement" regarding the scheduling deadlines in this case. Yet, neither Party offers a *written* stipulation to this effect for the Court to analyze. Thus, although such a late disclosure may generally not be permissible under the provisions set forth in **FEDERAL RULE OF CIVIL PROCEDURE 26** or the Court's scheduling order, because the Parties stipulated *not* to abide by such deadlines, Defendant cannot now seek remedies as if such deadlines were in effect. However, the Court does find just cause to warrant a continuance of trial, arising from the recent disclosure of Klosterman's Life Care Plan for Plaintiff. It would be prejudicial to Defendant, at this late juncture,

to require that it depose Klosterman and retain a rebuttal expert, who must then analyze Klosterman's Plan, prepare his or her own report and sit for a deposition, and to do all of this in less than two weeks' time.  Such a burden upon Defendant becomes amplified given the fact that the amount of the Life Care Plan significantly increased from the projected $1 million dollars to $6.1 million dollars.  Thus, the Court hereby **GRANTS** Defendant's Motion to Continue Trial (Doc. 44). Accordingly, the trial for this matter is continued from June 7, 2010 to **Monday, November 1, 2010 at 9:00 a.m.**

**IT IS SO ORDERED**.

Signed this 25th day of May, 2010.

/s/   David R Herndon
**Chief Judge**
**United States District Court**