IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

RICHARD L. BURDEN,

    **Plaintiff,**

v.

CSX TRANSPORTATION, INC.,
a corporation,

    **Defendant.**                                 Case No. 08-cv-04-DRH

**MEMORANDUM & ORDER**

**HERNDON, Chief Judge:**

        Before the Court is Defendant's Local Rule 73.1 Request for Review of the Magistrate Judge's Order[1] Regarding Production of United Healthcare Documents

---

[1] The Order reads as follows:
Minute Entry for Telephonic Discovery Dispute Conference held before Magistrate Judge Donald G. Wilkerson on 10/15/2010. John Kujawski appeared on behalf of the Plaintiff. James Bax appeared on behalf of the Defendant. The 30(b)(6) deposition of a CSX representative currently set for October 18, 2010 has been canceled and will be rescheduled by the parties prior to trial. The deposition of Dr. Thomas Nielson, Chief Medical Officer and Medical Director of CSX, will proceed on October 18, 2010. It is hereby ORDERED that Dr. Neilson bring with him to his deposition items 1, 2, 3, 4, and 6 contained in the Plaintiffs Amended Notice of Videotaped Deposition Duces Tecum. It is further ORDERED that Defendant submit the following documents to Plaintiff on or before October 26, 2010: a) all contracts and agreements between CSX Transportation and United HealthCare (UHC) concerning the medical management of injured employees, including all materials concerning the payment of medical claims and who can receive medical treatments; b) all correspondence, emails and electronic communication pertaining to the medical management by UHC of CSX funds pertaining to medical services provided to Plaintiff Richard Burden; and c) any writing that references the control of medical decisions and payment of medical bills by CSX Transportation to UHC. These documents shall not be disclosed, produced or disseminated to the Internet or any electronic media by Plaintiff or his attorneys, and shall not be used by Plaintiff for any other purpose other than the prosecution of this lawsuit.

(Doc. 82) and supporting memorandum (Doc. 83). The Magistrate Judge's October 15, 2010 Order was in regard to a discovery dispute between the Parties (Doc. 79). This dispute centered around Plaintiff's Amended Notice of Deposition Duces Tecum of Defendant's Chief Medical Officer Thomas J. Nelson, M.D. (hereinafter, the "Notice") (Doc. 83, Ex. A). Out of the seven categories of documents the Notice instructed Dr. Nielson to produce, Defendant objected to two: Category 5: "All contracts and agreements between CSX Transportation and United Healthcare (UHC)"; and Category 7: "All protocols, writings, policies, reports, documents, procedures, contracts, agreements, correspondence, emails, and electronic communication pertaining to the medical management by UHC of CSX funds" (*Id*. at 2).

To explain, Plaintiff entered an inpatient rehabilitation program in July 2010 at NeuroRestorative in Carbondale, Illinois. Plaintiff sought coverage for his treatment under his healthcare plan beyond September 27, 2010. Plaintiff is covered under a self-funded healthcare benefit plan Defendant provides as a result of collective bargaining with its employees (Doc. 83, p. 2). Defendant states that this self-funded healthcare benefit plan is administered in accordance with plan guidelines by UHC (*Id*.). Further, Defendant states that the plan is an employee welfare benefit plan within the meaning of the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1002(1) (*Id*.). On September 27, 2010, UHC denied Plaintiff's request, stating that the inpatient healthcare services at NeuroRestorative were not covered by his health benefit plan (Doc. 83, Ex. B).

Defendant bases its objections to the production of documents listed in Categories 5 and 7 of Plaintiff's Notice based on the argument that Plaintiff's request to conduct discovery on the reason behind UHC's denial of continued coverage for his treatment at NeuroRestorative is completely preempted by ERISA and therefore, irrelevant to Plaintiff's claims under FELA.  Thus, Defendant asserts that allowing Plaintiff to conduct discovery on this issue will not lead to admissible evidence but will only take up a significant amount of time in the last couple of weeks prior to trial and that it is too late in this case for Plaintiff to add an ERISA claim to his Complaint.

It appears to Defendant that Plaintiff thinks his denial of coverage, while ostensibly based on UHC's review of the terms and conditions of the plan, was actually dictated by Defendant as the entity that funds the plan (Doc. 83, p. 3). Defendant argues that Plaintiff has already been notified by Defendant's Chief Medical Officer, Dr. Neilson, that Defendant has no control over the coverage decisions made by UHC and that UHC acted independently in denying coverage (*Id.*, Exs. B & D). Defendant also acknowledges that the Magistrate Judge's Order did limit the scope of Plaintiff's requests somewhat (Doc. 82, ¶ 3).

However, because during the discovery dispute conference between the Magistrate Judge and the Parties, Defendant was not privy to a portion of the conference occurring exclusively between the Magistrate Judge and Plaintiff's counsel, Defendant can now only surmise that the Magistrate Judge's Order, which gives no rationale supporting the decision, was based "only on Plaintiff's good faith

belief that the UHC documents are relevant to his FELA action" (Doc. 83, p. 5).[2] Defendant argues that the Magistrate Judge's ruling was clearly erroneous and contrary to law because of ERISA preemption, citing **Aetna Health, Inc. v. Davila, 542 U.S. 200, 210 (2004)**, and the lack of relevance of the UHC documents to Plaintiff's FELA action (Doc. 82, ¶¶ 4-5).

When attempting to appeal a decision of a Magistrate Judge, **Local Rule 73.1(a)** provides:

> Any party may appeal a Magistrate Judge's order determining a motion or matter within 14 days after issuance of the Magistrate Judge's order, unless a different time is prescribed by the Magistrate Judge or a District Judge. The party shall file with the Clerk of Court and serve on all parties a written request for an appeal which shall specifically designate the order or part of the order that the parties wish the Court to reconsider. A District Judge shall reconsider the matter and shall set aside any portion of the Magistrate Judge's order found to be clearly erroneous or contrary to law. A District Judge may also reconsider sua sponte any matter determined by a Magistrate Judge under this rule.

Also, under **FEDERAL RULE OF CIVIL PROCEDURE 72(a)**, the Court may modify or reverse a decision of a magistrate judge on a non-dispositive issue upon a showing that the magistrate judge's decision is "clearly erroneous or contrary to the

---

[2] Defendant explains that during the discovery dispute conference, at the request of Plaintiff's attorney so as not to reveal his trial strategy to defense counsel, a private conference was held between Plaintiff's counsel and the Magistrate Judge in order for Plaintiff's counsel to explain why he believed he had a good faith basis to seek such UHC records from Defendant. After approximately five minutes, Defendant states that it was asked to rejoin the conference call. Shortly thereafter, Defendant states that the Magistrate Judge ordered Defendant produce said documents as stated in the October 15, 2010 minute entry order (Doc. 79) by October 26, 2010. Such a practice is unusual, but not specifically at issue in this motion.

law." A finding is clearly erroneous when "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer*, 470 U.S. 564, 573 (1985)(quoting *United States v. United States Gypsum Co.*, 333 U.S. 364 395 (1948)); *see also Weeks v. Samsung Heavy Industries Co. Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997)("**The clear error standard means that the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made.**").

Although any claim Plaintiff may have for denial of coverage may be preempted by ERISA, the Court does not agree with Defendant that such evidence may not be relevant pertaining to Plaintiff's FELA claims in this case. The issue of preemption does not come into play currently, as Plaintiff is not seeking a ruling from the Court on the issue of coverage under his health care plan provided by Defendant and managed by UHC. It appears to this Court that Plaintiff may be simply trying to determine any motivation on Defendant's part regarding its handling of Plaintiff as its employee and whether anything has been done in contravention of the FELA. In this sense, the Court cannot find the ruling of the Magistrate Judge at issue herein to be clearly erroneous or contrary to law.

It should be noted that Plaintiff filed a response to Defendant's motion at 3:48 PM this date, but the Court has not read pleading and does not know the position taken by the Plaintiff and for that reason makes no reference to arguments

made by Plaintiff. The Court, in the interest of an expedient order opted to rule based on the arguments of the Defendant and the reasoning of the Magistrate Judge only in rendering this order.

Based on the discussion herein, the Court **AFFIRMS** the Magistrate Judge's October 15, 2010 minute entry order (Doc. 79) ruling on the Parties' discovery dispute pertaining to Plaintiff's Notice and the documents requested via Categories 5 and 7.

**IT IS SO ORDERED**.

Signed this 21st day of October, 2010.

David R. Herndon
2010.10.21 17:00:05
-05'00'

**Chief Judge**
**United States District Court**