IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RICHARD L. BURDEN,           )<br>                              )<br>      Plaintiff,            )<br>                              )<br> v.                           )<br>                              )<br>CSX TRANSPORTATION, INC.,     )<br>                              )<br>      Defendant.            )  | Case No. 08-cv-00004-DRH-DGW |

### ORDER

Pending before the Court is a Motion to Release Health Insurance Documents (Doc. 137) filed by Plaintiff Richard Burden.  Defendant CSX Transportation, Inc. ("CSX") has filed a response (Doc. 162).  For the reasons stated below, Plaintiff's motion is **DENIED**.

### BACKGROUND

On October 15, 2010, during the discovery phase of the case, this Court ordered CSX to produce certain documents pursuant to Rule 26(c) of the Federal Rules of Civil Procedure (Doc. 79).  Specifically, the Court ordered:

> . . . that Defendant submit the following documents to Plaintiff on or before October 26, 2010: a) all contracts and agreements between CSX Transportation and United HealthCare (UHC) concerning the medical management of injured employees, including all materials concerning the payment of medical claims and who can receive medical treatments; b) all correspondence, emails and electronic communication pertaining to the medical management by UHC of CSX funds pertaining to medical services provided to Plaintiff Richard Burden; and c) any writing that references the control of medical decisions and payment of medical bills by CSX Transportation to UHC. These documents shall not be disclosed, produced or disseminated to the Internet or any electronic media by Plaintiff or his attorneys, and shall not be used by Plaintiff for any other purpose other than the prosecution of this lawsuit.

*Id.*  In response, CSX produced the following documents:  (a) the Administrative and Managed Care Services Agreement between the Railroad Employees National Health and Welfare Plan

and the United HealthCare Insurance Company (64 pages); (b) the First Amendment to that agreement (66 pages); (c) the Administrative Agreement between CSXT and Travelers Insurance Company (16 pages) along with amendments and associated correspondence (15 pages); (d) a document entitled "Contacts & Important Information (1 page); (e) correspondence dated October 22, 2010 from Karen Schaefer to Edwina Robinson (1 page); and (f) email exchanges between Karen Schaefer and Edwina Robinson dated October 21-21, 2010 (3 pages) (Doc. 90).

Plaintiff now seeks relief from the portion of that Order that restricts the use of that material to the prosecution of this lawsuit so that he may disseminate the documents to the general public. In support of his motion, Plaintiff represents that the documents do not contain trade secrets or any information required to be concealed from the public. *Id.* Moreover, Plaintiff argues that the documents only involve third party individuals, entities and corporations; therefore, CSX cannot prevent the dissemination of these documents based upon common law or statutory privilege. *Id.*

In response, CSX contends that the documents Plaintiff seeks to release were not admitted as exhibits at trial, were not used in any manner during the trial and were not relevant to any issue at trial (Doc. 162). Therefore, CSX maintains, there is no public interest in the materials Plaintiff seeks to release. *Id.* Further, CSX argues that contrary to Plaintiffs assertions, the materials at issue relate to CSX and its employees, not "third party individuals, entities or corporations" as Plaintiff asserts. *Id.*

## ANALYSIS

The Court's October 15, 2010 Order was entered pursuant to Federal Rule of Civil Procedure 26(c). Under Rule 26(c), the party seeking a protective order has the burden of showing that good cause exists for issuance of that order. Conversely, if good cause is not

shown, the discovery materials in question should not receive judicial protection and therefore would be open to the public for inspection. The good cause requirement of Rule 26(c) means that, "[a]s a general proposition, pretrial discovery must take place in the public unless compelling reasons exist for denying the public access to the proceedings." *American Telephone & Telegraph Co. v. Grady*, 594 F.2d 594, 596 (7th Cir.1978); *see also In re Agent Orange Product Liability Litigation*, 821 F.2d 139, 145-46 (2d Cir. 1987)("[u]nless the public has a presumptive right of access to discovery materials, the party seeking to protect the materials would have no need for a judicial order since the public would not be allowed to examine the materials in any event").

In accordance with Federal Rule 26(c), the Court found good cause to protect CSX's confidential information. Therefore, the issue before the Court is whether to modify or vacate that Order and allow publication of the documents. The Court is instructed by the Seventh Circuit Court of Appeals case, *Bond v. Utreras*, 585 F.3d 1061 (7th Cir. 2009). While much of the *Bond* opinion deals with the issue of whether third parties have standing to challenge a protective order, a major part of the analysis centers around the filing of documents (as contrasted with their production in discovery) as the triggering factor for the presumptive openness of documents to the public. The Seventh Circuit Court of Appeals stated, "[g]enerally speaking, the public has no constitutional, statutory (rule-based), or common-law right of access to *unfiled* discovery. *Id.* at 1073 (italics in original).

That is entirely the circumstance here. The documents in question were produced during discovery. They were not used at trial or even used as a basis for any ruling during the trial. Furthermore, Plaintiff agreed to keep the documents confidential and use them only for the prosecution of this lawsuit at the October 15, 2010 Discovery Dispute Teleconference. As Judge

Tinder stated in his concurrence, " [s]o where, as here, the parties have agreed to a confidentiality order covering unfiled discovery materials which, for good cause, was judicially approved, a district court should honor that order absent some showing of abuse or other extraordinary circumstances.  To require any less of a showing would undermine the parties' reliance on protective orders, which are essential to a fair, efficient discovery process." *Bond*, 585 F.3d at 1080 (citing *SEC v. TheStreet.com*, 273 F.3d 222, 229-30 (2d Cir.2001)).  Plaintiff has cited no change in circumstances from October 15, 2010 to the present, other than a desire to publish the documents.  Absent a showing of abuse or extraordinary circumstances, the Court's October 15, 2010 Order shall remain in effect.

## CONCLUSION

For the reasons stated above, Plaintiff's Motion to Release Health Insurance Documents (Doc. 137) is **DENIED**.

**DATED:  January 12, 2011**

							_____
							**DONALD G. WILKERSON**
							**United States Magistrate Judge**